UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN FLEMING and LISA FLEMING,<br>Plaintiffs, | : | |
| v. | : | No. 5:26-cv-2533 |
| SAFECO INSURANCE,<br>*A LIBERTY MUTUAL COMPANY*,[1]<br>Defendant. | : | |

**O P I N I O N**
**Motion to Dismiss, ECF No. 12 – Granted**

**Joseph F. Leeson, Jr.** **August 17, 2026**
**United States District Judge**

## I. INTRODUCTION

This action arises from a dispute surrounding the payment of an underinsured motorist policy held by Plaintiffs Brian and Lisa Fleming through Defendant American States Insurance Company ("ASIC"). Plaintiffs allege that ASIC breached their insurance agreement and its breaching conduct constituted bad faith insurance practices. These alleged bad faith insurance practices are the subject of ASIC's Motion to Dismiss, which is granted for the reasons set forth below.

## II. BACKGROUND

### A. Factual Background

The factual allegations are as follows:

[1] The Complaint incorrectly named Safeco Insurance, a Liberty Mutual Company, as the Defendant, which was corrected in the Amended Complaint to American States Insurance Company. However, the Clerk of Court failed to change the name of the Defendant on the docket when the Amended Complaint was filed.

Plaintiffs, Brian and Lisa Fleming, who are married, maintained an insurance policy with ASIC, which included a "full tort" policy. *See* Amend. Compl. ¶¶ 1-2, 4-5, ECF No. 11. This policy had uninsured and underinsured motorist liability of 50,000/100,000 limits and includes a stacking option. *Id.* ¶ 5.

Brian Fleming owned and operated a 2016 Toyota Tundra pickup truck, which was covered by his insurance policy with ASIC. *Id.* ¶ 6. On the morning of August 23, 2018, Mr. Fleming was traveling west on Easton Road. *Id.* ¶¶ 7-8. On the same morning, Hailey Calzarette was operating a 2007 Buick Lacrosse owned by Rosalie Mickens. *Id.* ¶ 9. Ms. Calzarette was traveling northbound on Saucon Valley Road and approached a stop sign at the intersection of Saucon Valley Road and Easton Road. *Id.* ¶¶ 9-10. Ms. Calzarette drove through the stop sign and failed to give right of way to Mr. Fleming – both drivers collided at the intersection. *Id.* ¶¶ 11-12. Law enforcement issued citations to Ms. Calzarette, and the Flemings allege Ms. Calzarette was negligent and the sole cause of the collision.[2] *Id.* ¶¶ 13-14. Brian Fleming suffered injuries to his cervical and lumbar spine, along with exacerbation of pre-existing physical conditions. *Id.* ¶ 15.

The vehicle Ms. Calzarette operated was insured by American Independent Insurance Co., and the policy was insufficient to compensate the Flemings for injuries sustained. *Id.* ¶ 16. The Flemings commenced legal proceedings against both Ms. Calzarette and Ms. Mickens – the action was adjusted by American Independent Insurance Co. *Id.* ¶ 17. This insurance company made an offer to resolve the litigation for an amount close to the maximum limit of its insurance policy. *Id.* ¶ 18. The Flemings then contacted ASIC and requested authority to accept the offer

[2] It is unclear from the Complaint whether Lisa Fleming was a passenger in the vehicle at the time of the collision or whether she is a named plaintiff based on a loss-of-consortium theory.

and still retain the right to proceed with an underinsurance claim – ASIC granted this request. *Id.* ¶¶ 19-20. The Flemings submitted a claim for damages caused by the underinsured motorist, but ASIC allegedly failed to offer a reasonable settlement or otherwise pay the amount due under their policy. *Id.* ¶ 21.

The Flemings initiated a separate action, which is now before this Court, against ASIC for breach of contract. Under Count II of the Amended Complaint (bad faith), the Flemings allege specifically that they submitted a claim to ASIC requesting compensation and began negotiations with the insurance adjuster. *Id.* ¶¶ 24-25.[3] ASIC received a settlement brochure containing a description of the accident, the legal theory of liability, and the medical treatment sought and received by Brian Fleming. *Id.* ¶ 26. The adjuster also received information on the impact of Brian Fleming's injuries on the Flemings' lives and livelihood. *Id.* ¶ 26. ASIC did not request any additional information, and the Flemings allege that ASIC did not conduct an independent medical review. *Id.* ¶¶ 28-30. After a "lengthy" period of time, ASIC made an offer of $500.00. *Id.* ¶¶ 31-32. The Flemings allege that the unreasonable delay, failure to investigate, and failure to offer a fair settlement amount constitute bad faith practices. *Id.* ¶¶ 33-34 (alleging additional damages including emotional distress and attorney's fees).

**B. Procedural Background**

On March 3, 2025, the Flemings filed suit in the Court of Common Pleas for Northampton County. Compl. ¶¶ 4-5, ECF No. 1-2. On April 16, 2026, ASIC removed the proceeding to the Eastern District of Pennsylvania pursuant to diversity jurisdiction under 28 U.S.C. 1332. *See* Notice of Removal, ECF No. 1.

[3] The Amended Complaint contains a typographical error where there are two paragraphs numbered "25." This citation references both of these numbered paragraphs. The remaining citations will reference the paragraphs as numbered in the Amended Complaint.

On April 23, 2026, ASIC filed a partial Motion to Dismiss the Complaint and to strike certain allegations. *See* ECF No. 5. The Flemings filed a Motion to Amend/Correct Complaint, which was granted. *See* ECF Nos. 9-10. On May 26, 2026, the Flemings filed an Amended Complaint asserting two counts: (I) breach of contract and (II) bad faith insurance practices. *See* Amend. Compl. ASIC filed a Motion to Dismiss the Amended Complaint, along with a supporting memorandum. *See* Mot. to Dismiss, ECF Nos. 12-13. The Flemings filed a response in opposition to the Motion to Dismiss. *See* Resp., ECF No. 14. The Motion to Dismiss Count II of the Amended Complaint is pending before this Court.

## III. LEGAL STANDARDS

### A. Motion to Dismiss – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint,

matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Additionally, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of proving that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**B. Bad Faith - Review of Applicable Law**

In order to recover on a claim for bad faith, a claimant is "'required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim.'" *Pyatt v. State Farm Mut. Auto. Ins. Co.*, No. 525-cv-0027, 2025 U.S. Dist. LEXIS 50949, at *4 (E.D. Pa. Mar. 20, 2025) (quoting *Camp v. New Jersey Mfrs. Ins. Co.*, No. 16-cv-1087, 2016 U.S. Dist. LEXIS 74496, at *4 (E.D. Pa. June 8, 2016)); *see also Terletsky v. Prudential Property & Casualty Ins. Co.*, 437 Pa. Super 108, 125 (Pa. Super. Ct. 1994) (outlining the two required elements for asserting a bad faith claim against an insurer); 42 Pa. Cons. Stat. § 8371 (allowing recovery under a bad faith claim against an insured). In addition to the two elements above, "the plaintiff must allege an underlying element of self-interest or ill will.'" *Pyatt*, 2025 U.S. Dist. LEXIS 50949, at *4 (quoting *O'Brien v. Liberty Mut. Ins.*, No. 21-cv-01234, 2021 U.S. Dist. LEXIS 140495, at *2 (E.D. Pa. July 28, 2021)); *but see Green v. United Servs. Auto. Ass'n*, 936 A.2d 1178, 1190 (Pa. Super. Ct. 2007) (holding that self-interest or ill will is not a third element, but is "probative of the second element . . .").

"'Mere negligence or bad judgment on the part of an insurer is not considered to be bad faith.'" *Id.* (quoting *O'Brien*, 2021 U.S. Dist. LEXIS 140495, at *2); *but see 3039 B St. Assocs. v. Lexington Ins. Co.*, 704 F. Supp. 2d 671, 677 (E.D. Pa. 2010), *aff'd*, 444 F.App'x 610 (3d Cir. 2011) (allowing a bad faith claim under a "reckless disregard" standard). "'Bad faith claims are fact specific and turn on the conduct of the insurer towards the insured.'" *Young v. State Farm Auto. Ins. Co.*, 614 F. Supp 3d 153, 156 (E.D. Pa. 2022) (quoting *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017)). The plaintiff(s) must allege the "'who, what, where, when, and how the alleged bad faith conduct occurred.'" *Jaskulis v. State Farm Fire & Cas. Co.*, No. 5:24-cv-4286, 2024 U.S. Dist. LEXIS 207529, at *7 (E.D. Pa. Nov. 15, 2024) (quoting *Rosenberg v. Amica Mut. Ins. Co.*, No. CV-18-406, 2018 U.S. Dist. LEXIS 117116, at *3 (W.D. Pa. July 12, 2018)). The plaintiff must allege no reasonable basis for denying the benefits. *Williams v. State Farm*, No. 5:21-cv-00058, U.S. Dist. LEXIS 120661, at *7-8 (E.D. Pa. June 29, 2021) (citing *Wolf v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d. Cir. 2015)). Bad faith can extend to a lack of good faith investigation or communication with the insured. *Id.* (citing *White v. Travelers Ins. Co.*, No. 20-cv-2928, U.S. Dist. LEXIS 228721, at *4 (E.D. Pa. Dec. 7, 2020)).

"'Courts in [the Third] Circuit have routinely dismissed bad faith claims reciting only 'bare bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a . . . motion to dismiss.'" *Pyatt*, 2025 U.S. Dist. LEXIS 50949, at *5 (quoting *Camp*, 2016 U.S. Dist. LEXIS 74496, at *4). The evidence for a bad faith claim presented by the plaintiff must be "'so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation about whether or not the

defendants acted in bad faith.'" *Id.* (quoting *Houtz v. State Farm Fire and Cas. Co.*, 754 F. Supp. 3d 594, 598-99 (E.D. Pa. 2024)).

## IV. ANALYSIS

For Count II alleging bad faith, the Flemings specifically assert the following theories: (1) unreasonable delay, (2) failure to investigate, and (3) failure to offer a reasonable settlement amount. Amend. Compl. ¶¶ 25-34. Each legal theory is addressed below.

### A. Unreasonable Delay

The Flemings first allege that "the period . . . between [the Fleming's] submission of their claim . . . and the first offer from [ASIC] was *extremely lengthy* . . . ." *Id.* ¶ 31 (emphasis added). The Flemings contend this amounted to an unreasonable delay. *Id.* ¶ 33. The Amended Complaint does not contain dates pertinent to the interactions between the Flemings and ASIC after permission was granted to accept the at-fault party's settlement offer. *See id.* ¶¶ 24-34.

#### i. Legal Standard for Unreasonable Delay

"'Whether something is untimely . . . may be an element of a bad faith claim only to the extent that it itself has sufficient support . . . .'" *Pyatt*, 2025 U.S. Dist. LEXIS 50949, at *8 (quoting *Carr v. Travelers Home & Marine Ins. Co.*, 700 F. Supp. 3d 288, 297 (E.D. Pa. 2023)) (explaining that mere allegations of untimeliness are otherwise conclusory and must be disregarded for purposes of surviving a motion to dismiss). "Failure of an insurer to 'immediately accede to a demand for the policy limit cannot, without more, amount to bad faith.'" *Camp*, 2016 U.S. Dist. LEXIS 74496, at *16 (quoting *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 Fed. Appx. 133, 137 (3d Cir. 2012)). Delays in investigation can be "'attributable to the need to investigate further or simple negligence.'" *Anderson v. Travelers Pers. Ins. Co.*, 2:25-cv-118, 2025 U.S. Dist. LEXIS 157298, at *5 (W.D. Pa. Aug. 14, 2025) (quoting *Rowe v.*

*Nationwide Ins. Co.*, 6 F. Supp. 3d 621, 634 (W.D. Pa. 2014)). Where the insurance investigation is allegedly delayed, courts generally infer plausible knowledge or reckless disregard where the time period exceeds six months. *Pyatt*, 2025 U.S. Dist. LEXIS 50949, at *9 (citing *Young*, 614 F. Supp. 3d at 157-58); *see also Lopez v. State Farm Mut. Auto. Ins. Co.*, No. 5:24-cv-1750, 2024 U.S. Dist. LEXIS 101483, at *4 n. 1 (E.D. Pa. June 6, 2024) (finding that a two-month delay is reasonable "considering that insurance investigations often take several months"); *Robbins v. Metro. Life Ins. Co.*, No. 08-cv-0191, 2008 U.S. Dist. LEXIS 104902, at *8 (E.D. Pa. Dec. 29, 2008) (finding a four-month delay reasonable).

**ii. Analysis for Unreasonable Delay**

The allegations in the Amended Complaint are insufficient to plead bad faith on the grounds of unreasonable delay because it fails to establish any pertinent timeline of communication or conduct. Amend. Compl. ¶¶ 24-34. The untimeliness of insurer conduct may support a bad faith claim, but the timeline itself must be alleged. *Pyatt*, 2025 U.S. Dist. LEXIS 50949, at *8-9 (explaining that an allegation an insurance claim was not timely paid and investigated, without more, is a legal conclusion that must be disregarded at the motion to dismiss stage). Without specific timeframe allegations, this Court cannot reasonably infer that ASIC's delay in processing the claim and making a settlement offer were unreasonable.

**B. Failure to Investigate**

The Flemings next allege that, after providing a "lengthy settlement brochure" to the Defendant, ASIC failed to investigate properly. Amend. Compl. ¶¶ 28-30. Specifically, the Flemings allege that ASIC failed to seek additional medical information or conduct an independent review of Brian Fleming's injuries. *Id.*

### i. Legal Standard for Failure to Investigate

To state a claim for bad faith by failing to investigate, a plaintiff must plead facts supporting the allegation. *Pyatt*, 2025 U.S. Dist. LEXIS 50949, at *6 (explaining that a plaintiff cannot rely on conclusory statements). Conclusory allegations of failure to investigate are insufficient to establish bad faith. *Litman v. Geico Cas. Co.*, No. 22-cv-04530, 2023 U.S. Dist. LEXIS 208187, at *6-7 (E.D. Pa. Nov. 21, 2023). The plaintiff must proffer an explanation for why an investigation was unreasonable. *Priya Props., LLC v. Nationwide Assur. Co.*, No. 5:24-cv-5485, 2024 U.S. Dist. LEXIS 205755, at *7 (E.D. Pa. Nov. 13, 2024); *see also Myers v. State Farm Mut. Auto. Ins. Co.*, No. 17-3509, 2017 U.S. Dist. LEXIS 143794, at *6 (E.D. Pa. Sept. 6, 2017) (requiring specific conduct by the insurer to prevail in a bad faith claim for failure to investigate); *Jaskulis*, 2024 U.S. Dist. LEXIS 207529, at *7 (same); *Krantz v. Peerless Indem. Ins. Co.*, No. 18-cv-3450, 2019 U.S. Dist. LEXIS 38923, at *10-12 (E.D. Pa. Mar. 11, 2019) (dismissing bad faith claim due to the absence of facts supporting failure to investigate). "Without additional facts regarding the investigation, correspondence between the parties, or unreasonable conduct, 'the [c]ourt cannot infer bad faith' on the [d]efendant's part." *Barber v. State Farm Fire & Cas. Co.*, No. 24-521, 2024 U.S. Dist. LEXIS 138957, at *15 (E.D. Pa. Aug. 6, 2024) (quoting *Cappuccio v. State Farm Fire & Cas. Ins Co.*, No. 19-3025-KSM, 2020 U.S. Dist. LEXIS 81751, at *10 (E.D. Pa. May 8, 2020)). The failure of the insurer to schedule or complete an Independent Medical Examinations (IME) does not alone constitute bad faith. *Rivera v. Progressive Specialty Ins. Co.*, No. 5:26-cv-0787, 2026 U.S. Dist. LEXIS 103677, at *18-20 (E.D. Pa. May 11, 2026); *Tomaszewski v. Allstate Ins. Co.*, No. 19-cv-0080, 2022 U.S. Dist. LEXIS 197302, at *80-81 (E.D. Pa. Oct. 28, 2022) (failing to find bad faith when insurer did not seek to obtain medical records or otherwise sought an IME).

**ii. Analysis for Failure to Investigate**

While this allegation has some factual support in the Amended Complaint, the Flemings fail to allege any facts, other than failure to conduct an IME or to request additional information, sufficient to show a failure to investigate that rose to the level of bad faith. *See* Amend. Compl. ¶¶ 28-30. As to ASIC's failure to request additional information, the Court notes that the Flemings stated that they provided a "lengthy settlement brochure" to ASIC that included descriptions of the accident, the theory of liability, and the medical treatment sought and received by Brian Fleming. *Id.* ¶ 26. The Flemings also disclosed information pertaining to the accident's impact on both their livelihoods to the insurance adjuster. *Id.* ¶ 27. In light of these disclosures, ASIC's failure to request additional information or to conduct an independent medical review does not necessarily lack a reasonable basis. *See Rivera*, 2026 U.S. Dist. LEXIS 103677, at *18-20; *Tomaszewski*, 2022 U.S. Dist. LEXIS 197302, at *80-81.

The Flemings do not allege proffer any additional non-conclusory allegations about the investigation itself, nor allege that the extensive information provided was ignored or recklessly disregarded. *See* Amend. Compl. ¶¶ 24-34 (showing no allegations of ignoring the brochure). The allegations are therefore insufficient for this Court to draw a reasonable inference of bad faith. *See Barber*, 2024 U.S. Dist. LEXIS 138957, at *15 (declining to infer bad faith for failing to investigate in the absence of specific factual allegations). In the absence of additional information pertaining to the claim investigation, the court is confined to improperly speculate that (1) the information supplied was ignored by ASIC, or (2) the information as provided was insufficient to render a reasonable settlement offer. As such speculation is not permissible, the Flemings fail to plausibly allege bad faith for failure to investigate.

### C. Failure to Offer a Reasonable Settlement Amount

The Flemings lastly allege that ASIC made an offer of $500.00, and this amount was a "woefully paltry settlement not even reflecting 'nuisance value'" and the offer of such a low amount constituted bad faith. Amend. Compl. ¶¶ 32-33.

#### i. Legal Standard for the Reasonableness of the Settlement Amount

"[U]nreasonably low settlement offers may offer evidence of bad faith, and such a claim may be supported by further evidence of lost wages and medical expenses." *Pyatt*, 2025 U.S. Dist. LEXIS 50949, at *7. However, the plaintiff must demonstrate how the insurer's offer is unreasonable in light of their needs. *Id.*; *Carr*, 700 F. Supp. 3d at 296 ("'[B]ad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages.'" (quoting *Smith*, 506 F.App'x at 136)). Failure to provide "quantitative data" that indicates the level of compensation required by the plaintiff makes allegations of objective unreasonableness insufficient. *Id.*; *Hampton v. Progressive Ins. Co.*, 734 F. Supp. 3d 391, 394-97 (E.D. Pa. 2024) (finding no bad faith claim where there are insufficient facts to assess the reasonableness of an insurance offer); *Juhasz v. USAA Cas. Ins. Co.*, 5:25-cv-7154, 2026 U.S. Dist. LEXIS 81583, at *9 (E.D. Pa. Apr. 14, 2026) (dismissing bad faith claim because "beyond pleading what her injuries were, and that she lost earnings and her overall earning capacity, [the plaintiff did] not provide an amount of lost wages or medical expenses" to explain why the settlement offer was unreasonable); *McConnell v. Nationwide Mut. Ins. Co.*, No. 21-4523 2022 U.S. Dist. LEXIS 59450, at *2 (E.D. Pa. Mar. 31, 2022) (same). More than conclusory allegations are required for the Court to "make a plausible inference that the Defendant knew or reckless disregarded its lack of a reasonable basis for denying benefits." *Pasqualino v. State*

*Farm Mut. Auto. Ins. Co.*, No. 15-0077, 2015 U.S. Dist. LEXIS 69318, at *12 (E.D. Pa. May 28, 2015).

**ii. Analysis of the Reasonableness of the Settlement Amount**

Based on the information provided, this Court cannot reasonably infer bad faith for the failure to offer a reasonable settlement amount. The Flemings do not include in their pleadings any figure associated with their injuries or expenses incurred. While a $500.00 settlement offer may amount only to a "nuisance value" as the Flemings allege, such a conclusory allegation is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 (holding that conclusory allegations do not suffice to state a claim). The Flemings must demonstrate how the offer amount is unreasonable *in light of their needs*. *Pyatt*, 2025 U.S. Dist. LEXIS 50949, at *7; *see also Carr*, 700 F. Supp. 3d at 296 (holding that a low offer is not inherently unreasonable). Since the Flemings have failed to quantify their damages, the Amended Complaint has failed to sufficiently plead bad faith for failure to offer a reasonable settlement amount. *See Hampton*, 734 F. Supp. 3d at 394-97 (requiring sufficient facts alleged to determine if an offer is reasonable); *Clapps*, 447 F. Supp 3d at 299 (requiring underlying facts for the court to make a plausible inference of reasonableness).

## V. CONCLUSION

The Amended Complaint contains only conclusory allegations of bad faith, which are insufficient to state a claim. The Flemings fail to allege any timeline from which this Court can assess whether ASIC's delay was unreasonable, to explain why additional investigation was necessary, or to allege any quantitative data from which this Court can measure the reasonableness of ASIC's settlement offer. ASIC's Motion to Dismiss the First Amended Complaint is therefore granted. Because the allegations are so lacking, this Court cannot

conclude that an amendment would be futile and therefore dismisses the bad faith claim without prejudice.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge